Per Curiam.

There can be no doubt that the delivery of the certiorari to the justice, superseded his powers, and rendered all subsequent proceedings before him coram non judice, and void.(a) (Cro. Oar. 261; 1 Salk. 352.) The act *28 requiring bail in certain cases, (11 sess. c. 2, s. 4,) upon certioraris, does not apply to the case of an indictment before a justice, under the statute of forcible entry and detainer; for it is not a judgment or order within the meaning of the act.
As the magistrate holds a court of a special and limited jurisdiction, and proceeded after his power was taken away by the certiorari, he became a trespasser, and is liable as such.(b) (Comy. Rep. 81. 2 Black. Rep. 1145, 1035. 1 Burr. 596, 602. 8 Co. 114, 121. Str. 710, 993. Cowp. 640, 647. ■ 1 Lord Raym. 454, 468, 470.)
The only question, therefore, is as to the extent of the damages to be recovered, or whether the defendant is to be made responsible for the consequential damages of the ouster.
In this case the tfespass is laid with a continuando; hut the distinction, as to the amount of damages to be recovered in this action, is this; after an ouster, you can only recover for the simple trespass or the first entry: for, though *where there is an ouster, every subsequent act is a continuance of the trespass, yet in order to entitle the plaintiff to recover damages, for the subsequent acts, there must be a re-entry. But after a re-entry he may lay his action with a continuando, and recover mesne profits, as well as damages, for the ouster. (1 Lord Raym., 692. 2 Salk. 639. 2 Lord Raym. 975, 977. 1 Leon. 302, 319. 13 Co. 600. Menville’ case. 3 Black. Com. 210. Co. Litt. 275.) The present suit was commenced before any re-entry by the plaintiff; he is, therefore, entitled to recover damages for the first entry only, or single trespass, and not for the crops.(a) There must be a new trial, with costs to abide the event of the suit.
" New trial granted.

(a) It is clearly settted, that when a certiorari is received by the court below, it operates as a supersedeas, and all subsequent proceedings on the record are erroneous. Bac. Abr. tit. Certiorari, G. Com. Dig. Certiorari, E. Cross v. Smith, 12 Mod. 643. Reg. v. Nash, 2 Ld. Raym. 989. See the opinion of Savage, Ch. J. in Patchin v. Mayor, &c. of Brooklyn, 13 Wend. 664, 665, 666. Payfer v. Bissell, 3 Hill, 239. Gardner v. Murray, 4 Yeates, 560. Kingsland v. Gould, 1 Halst. 161. Mairs v. Sparks, 2 Southard, 513. Though where an execution is iu process of being executed, it is not superseded by the allowance and delivery of the certiorari. Regina v. Nash, cited supra. Meriton v. Stevens, Will. 271. Blanchard v. Myers, 9 Johns. R. 66 Payfer v. Bissell, cited supra. See also Wilson v. Williams, 18 Wend. 581 ; also 1 Cowen, 2l. It has been held, however, in Pennsylvania, that a certiorari to remove the proceedings of justices under the landlord and tenant law of that state, is not a supersedeas to an execution, Anon,, 4 Dallas, 214, Stewart v. Martin, 1 Yeates, 49.

(b) Where a court has jurisdiction of the cause, Le case del Marshalsea, 10 Co. 76, a., and proceeds inverso ordine, or erroneously, an action does not lie against the court, the party who sues, or the officer or minister of the court, who executes the precept or process. Easton v. Calendar, 11 Wend. 91. Hurst v. Wickwire, 10 id. 102. Horton v. Auchmoody, 7 id. 200. Curry v. Pringle, 11 Johns. R. 444. Smith v. Shaw, 12 id. 257. Yates v. Lansing, 5 id. 282 ; 9 id. 395. Reynolds v. Cock, 3 Caines’ R. 267. Moor v. Ames, id. 170. Reynolds v. Church, id. 274. Reynolds v. Orvis, 7 Cowen, 269. Cunningham v. Bucklin, 8 id. 178. Van Sternbergh v. Kortz, cited infra. Bigelow v. Stearns, 19 Johns. R. 3. Caleb v. Cooper, 15 id. 152. Butler v. Potter, 17 id. 145. Vosburg v. Welch, 11 id. 175, 177. Steph. N. P., Sharswood’s ed. 2019. Brodie v. Rutledge, 2 Bay, 69. Ambler v. Church, 1 Root, 211. Phelps v. Sill, 1 Day, 315. Young v. Herbert, 2 N. & M’Cord, 368. Reed v. Hood, id. 168. Ely v. Thompson, 3 Marsh. R. 76. Little v. Moore, 1 South. 74. See Tracy v. Williams, 2 Conn. R. 113. Evans v. Foster, 1 N. Hamp. R. 374. See also 2 Bay, 1. Harper, 66. Ross v. Rittenhouse, 2 Dallas, 160. 1 Yeates, 443. But if the court have not jurisdiction of the cause, the whole proceeding being coram non judice, an action will lie against them. Nicols v. Walker, Cro. Car. 395. Hill v. Bateman, Str. 711. Shergold v. Holloway, id. 1102. Perkin v. Proctor, 2 Wils. 384. Brown v. Compton, 8 T. R. 424. Wickes v. Caulk, 5 Har. & J. 42. Griffith v. Frazier, 8 Cranch, 9. Den v. Harnden, Paine, 55. Hence where one of the bail had been arrested by process out of the Marshalsea, (Le case del Marshalsea, cited supra,) for the purpose of satisfying a judgment obtained against'a principal, in a cause of which the Marshalsea court had no jurisdiction, it was holden that an action for false imprisonment would lie against the party who sued, the marshal who directed the execution of the process, and the officer who executed the same. If, therefore, a magistrate commit a party where he has no jurisdiction, he is liable to an action of trespass. Case v. Mountain, 1 M. & G. 227.
Public policy demands that courts of inferior jurisdiction should be strictly estr ained within the limits of their jurisdiction, and the law accords with this principle. It mus‘t, therefore, appear on the face of their proceedings that they acted within their limits, or such proceedings are coram non judice and void. The rule for jurisdiction is that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, but that which is so expressly alleged. Peacock v. Bell, 1 Saund. 73. Per Cowen, J. in Hart v. Seixas, 21 Wend. 40, 46, et seq. Per Bronson, J. in Bloom v. Burdick, 1 Hill, 130,139. Foot v. Stevens, 17 Wend. 483. Kemp v. Kennedy, 5 Cranch,172. Pet. C.C.R. 36. Albee v. Ward, 8 Mass. R. 86. Walbridge v. Hall, 3 Verm. R. 114. Smith v. Rice, 11 Mass. R. 513. Williams v. Blunt, 2 Mass. R. 213. Turner v. Bank of America, 4 Dallas, 11. Hunt v. Hapgood, 4 Mass. R. 122. Clapp v. Beardsley, 1 Aik. 168. Martin v. McKinney, Pr. Dec. 380. Hall v. Howd, 10 Conn. R. 514. Hendrick v. Cleaveland, 2 Verm. R. 329. Powers v. People, 4 Johns. R. 292. Hamilton v. Burum, 3 Yerg. 355. Latham v. Edgerton, 9 Cowen, 227. Stockett v. Nicholson, Walker, 75. Wooster v. Parsons, Kirby, 27. Wickes v. Caulk, 5 Har. & J. 36. McKenzie v. Ramsey, 1 Bailey, 459. Harvey v. Huggins, 2 Bailey, 267. See 2 Overt. 215. Den v. Turner, 9 Wheat. 541. Hill v. Pride, 4 Call, 107. In the case of Miller v. Seare et al. 2 Wm. Black. 1141, 1145, De Grey, Ch. J. observes : — “ In courts of special and limited jurisdiction, having power to hear and determine, a distinction must be made. While acting within the line of their authority, they are protected as to errors in judgment; otherwise they are not protected. So in Dr. Bonham’s case, false imprisonment lay, because they had exceeded their authority. In Dr. Groenvelt’s it did not lie, because they were within their jurisdiction. In Dr. Bouchier’s case, and the case of Terry and Huntingdon in Hardres, [p. 480 ; cited 12 Mod. 392,] it lay because of the excess of jurisdiction. Thus much of courts. The case is stronger, when applied to single magistrates, having or not having jurisdiction. [See this subject fully discussed in Perkin v. Proctor, 2 Wils. 384. [See also Brittain v. Kinnaird, 1 Brod. & B. 432 ; 4 B. Mo. 50, and cases there referred to. Milward v. Caffin, 2 Wm. Bl. 1330.] In all the cases where protection is given to the judge giving an erroneous judgment, he must be acting as judge. The protection, in regard to the superior eourts, is absolute and universal; with respect to the inferior, it is only while they act within their jurisdiction.” See Dr. Bouchier’s case, considered by Spencer, J. in Van Sternhergh v. Kortz, 10 Johns. R. 167, 170. Where, therefore, no jurisdiction to do a particular act is shown by an inferior tribunal, the officer doing it is subject to an action, if it result in an injury to the property or the person of any one. Adkins v. Brewer, 3 Cowen, 206. If void process be issued, even though no malice enter into the act, trespass will lie, not only against the plaintiff, but also against the magistrate. Id. Per Jackson, J. in Hayden v. Shed, 11 Mass. R. 500. Smith v. Rice, id. 507, Sedgewick, J.in Albee v. Ward, 8 id. 79. Van Sternbergh v. Kortz, ut supra. Kennedy v. Terrill, Hardin, 490. See Prince v. Thomas, II Conn. R. 472. As where a justice (in Massachusetts) issued an execution, within two or three hours after judgment was entered up, though by the statutes of 1783, c. 58, § 1, and 1784, c. 28, § 15, it was provided that the execution should not issue in any case until after the expiration of twenty-four hours after the entering up of judgment, Briggs v. Wardwell, 10 Mass. R. 356; or a warrant against the plaintiff as the father of a bastard child, though no complaint had been made to authorize it, Poulk v. Slocum, 3 Blackf. 421; or an execution for costs under which the plaintiff’s horse was sold, without jurisdiction. Rembert v Kelly, Harper, 65. See the judgment of Marcy, J. in Savacool v. Boughton, 5 Wend. 170. Also Borden v. Pitch, 15 Johns. R. 121. Prigg v. Adams, 2 Salk. 674. Griffin v. Mitchell, 2 Cowen, 548. And the judgment of Nelson, J. in Easton v. Callendar, 11 Wend. 90.

(a) Both possession and right of possession, (which right may exist as against the defendant without the legal title. Birkley v. Presgrave, 1 East, 224. Chambers v. Donaldson, 11 id. 65, 67. Catteris v. Cowper, 4 Taunt. 547 ; et vide Hughes v. Gilman, 2 C. & P. 33. Per Best, Ch. J. in Revett v. Brown, 5 Bing. 9, and Holmes v. Newlands, 11 Ad. & Ell. 44. Graham v. Peat, 1 East, 244. Duncan v. Potts, 5 Stew. & Port. 82. Townsend v. Kerns, 2 Watts, 180,) must concur to enable one to maintain trespass yuare *29 clausum fregit. The gist of this action is an injury to the possession. Bac, Abr. tit. Trespass, C. Bertie v. Beaumont, 16 East, 33. Rex v. Watson, 5 id. 485, 487. Alexander v. Bonnin, 4 Bing. N. C. 799. U. S. Digest, by Metcalf, Perkins and Curtis, tit. Trespass, and authorities: Austin v. Saywer, 9 Cowen, 39. Brandon v. Grimke, 1 N. & M. 356. Addleman v. Way, 4 Yeates, 218. Chatham, v. Brainerd, 11 Conn. R. 60. Torrence v. Irwin, 2 Yeates, 210. Wheeler v. Hotchkiss, 10 Conn. R. 225. Skinner v. McDowell, 2 N. &M. 68. Truss v. Old, 6 Rand. 556. Cooke v. Thornton, id. 8. Shenk v. Mundorf, 2 Brown, 106. Bigelow v. Lehr, 4 Watts, 377. Campbell v. Arnold, 1 Johns. R. 511. Kempton v. Cook, 4 Pick. 305. Wickham v. Freeman, 12 Johns. R. 183. Stuyvesant v. Tompkins, 9 id. 61. Walton v. Clarke, 4 Bibb, 218. Peareson v. Dansby, 2 Hill (S. Car.) 466. Beggs v. Thompson, 2 Hamm. R. 95. Norwood v. Shipley, 1 Har. & J. 295. Tomlinson v. Riser, 2 id. 444. Rhodes v. Bunch, 3 M’Cord, 66. Taylor v. Townsend, 8 Mass. R. 411. Shepard v. Pratt, 15 Pick. 32. Owings v. Gibson, 2 A. K. Marsh. 515. As to constructive possession, see Davis v. Clancy, 3 M’Cord, 422. Bulkley v. Dolbeare, 7 Conn. R. 233. Gillespie v. Dew, 1 Stewart, 229. Aikin v. Birch, 1 Wend. 466. Goodrich v. Hathaway, 1 Verm. R. 485. But see Poole v. Mitchell, 1 Hill (S. Car.) R. 404.
Trespass will lie for the original ouster without a re-entry, Taylor v. Townsend, cited infra; but as possession is an essential requisite to this action, one who is disseised can maintain trespass for no act subsequent to that which ousted him from the premises, but after re-entry he may sue for all the intermediate acts of trespass. 3 Com. Dig. tit. Trespass, B. C. Per Parker, J. in Taylor v. Townsend, 8 Mass. R. 411, 415. See also per Parker, arg. in Proprietors of Kennebeck v. Call, 1 Mass. R. 483, 486. As to the continuando In trespass, add to the authorities cited by the court, 2 Roll. Ab 545, pi. 1; and see generally upon this subject, 2 Chit. Pl. 5th Am. ed. 846, n. (s.) 2 Saund. PI. and Ev. 855.