Judge Caee.
Cooler leased to Thomtoti a tenement in Fredericksburg for seven years. lie afterwards dispossessed him of the tenement, before the expiration of the term; there being about three years of the lease to run when this suit was brought. This is an action of trespass quare clausum fregit, brought by the tenant for this wrong. The declaration shews that there had been no re-entry; but, that the possession gained by the ouster, continued in the landlord.
■Several points were rnr.de in the Court below, but one only was relied on in the argument hero, or seems worthy of notice. It is that growing out of the first Bill of Exceptions. The Counsel for the Defendant moved the Court to instruct the Jury, “(hat admitting the dispossession to be wrongful, they ought not to take into consideration, in their estimate of damages, the injury resulting from the Plaintiil’s being kept out of possession, from the date of the writ to the expiration,” (of the term) “but only from the time of the dispossession, until the suit was brought;” which instruction the. Court refused to give.
In this refusal, I think there was clear error. To maintain this action, there must have been an actual possession when the trespass complained of was committed. Before entry and actual *9 - possession, a person having the freehold in Law, cannot have trespass. Thug, it will not lie before entry for a convsee ol' a line, or a purchaser by lease and release, or añ heir or devisee against an abator. A disseisee may have it against the desscisor for the disseisin itself, because he was then in possession; but not for an injury after the disseisin, until he hath gained possession 'by re entry; and then he may support this action for the intermediate damage; for, after the entry, the law, by a kind o£ jus postliminii, (as El.ickstono expresses it,) supposes the freehold to have all along continued in him. I might quote many passages from the Books, in support of this.
Co. Litt. 257, a. “The disseisee shall have an action of trespass against' the disseisor, and recover his damages for the first entry, without any regress; but after regress, he may have an action of trespass with a continuando, and recover, as well for all the mesne occupation, as for the first entry.”
Monockton v. Pashley, &c. 2 Ld. Raym. 977. Per Lord Holt. “As to the case of an entry with ouster, it may he set forth specially in the count, or not, with a continuando, or diver-sis diebus et viscibus, between such a day and such a day; but, then you must prove, that the Plaintiff re-entered before the action brought, or else you cannot assign the ?nesne trespass; for, by the ouster, the Defendant has got possession, and he cannot he a trespasser to the Plaintiff; hut when the Plaintiff re-enters, the possession is in him ah initio, and he shall have the mesne profits.”
I have seen the rule no where more clearly laid down, than in the ease of Case v. Shepherd, 2 Johns. Cas. 27. Per Curiam. "In this case, the trespass is laid with a continuando, hut the distinction, n- to the amount of damages, is this. After an ouster, you r;>u only roeevei for the simple trespass, or first entry: for, where there is an uustu', every subsequent act is a continuance of the trespass. \ei, in order to entitle the Plaintiff to recover for the subsequent acts, there must be a re-entry. But, after a reentry, he may lay his action with a continuando, and recover mesne profits, as i\ell as damages for the oifser.”
In the case before us, there was an ouster, and no re-entry. The Plaintiff, therefore, could recover for the simple trespass, or first entry only. He could not lay his action with a continuando. The Defendant, therefore, might have asked for much broader instructions than lie did. He only asked that the Jury might he instructed not to give damages from the time of dispossession till the expiration of the lease, but to the date of the Writ; and by refusing this instruction, the Court virtually told the Jury, that they might " *10 give damages for the whole term unexpired at the date of the ouster-This was unquestionably wrong.
I think the Judgment should be reversed, and the cause sent •back for a new trial; upon which, such instructions as result frorq. the principles now kid down, should be given, if asked for.
Judge Giirnx.
This is an action of trespass quare clausum fregit. There are lire founts, all of which, except the second, lay the trespass with a continuando until the suing out of the Writ; and some ci them, i .ven until the filing of the Declaration; and in all, the continuando i•; laid with the allegation that the Defendant had kept the Plaintiff out of possession, during the whole time mentioned in the continuando.
To'this Declaration, there was a general demurrer, and a plea of not guilty; on which issues were "joined. No Judgment was pronounced on the demurrer, unless the final Judgment for the Plain-riff may be. considered, as I think it may, as involving a. Judgment Upon the demurrer.
The Jury found a general verdict for the Plaintiff. The Defondant took two exceptions to opinions of the Court, given on the trial; the first of which only is insisted on.
The proper course of practice, in the case of a demurrer and issue in fact, is, to try the demurrer first, as has been repeatedly said in t.his Court. For, if the demurrer to the whole Declaration was sustained, there would be no necessity for trying the issue in fact, and the expense of the trial would he .saved; for, in that ease, after a verdict for the Plaintiff, the Defendant would still bo entitled to a .Judgment upon the demurrer. If the demurrer ought to be overruled, there would be no error which would justify a reversal of the -Judgment, although the demurrer were decided after the finding of the issue.
In this case, the second count, which does not lay the trespass with a continuando, is unquestionably good. All the rest are, I think, bad. In deciding upon a general demurrer to such a Declaration, I should have thought that the Judgment should be, to sustain the demurrer as to the bad counts, and that the Plaintiff take nothing by them; and to overrule it as to the good count, so as to put the bad counts finally out of the cause in respect to them; as in -1 Saund. 386, n. q., it is said, that in such ease, the Plaintiff shall have Judgment,/!)?’ so much as is good, and of course, not upon the ■whole Declaration. It was, however held, in The. Dulce of Bed- *11 ford v. Aicocke, 1. Wils. 248, that the .dcfmirrer in such case should ho overruled in toto; by which the Defendant could suffer no injury ; for, if the Plaintiff took a verdict on the whole Declaration, and any count was bad, he could not have any Judgment, but might avoid that consequence by taking á verdict on the good count's only. This rule of the Common Law, as,to the effect of a verdict upon the whole Declaration, in which there- is a bad count, is reversed by our Statute, which enacts that; “ -when there are several counts, one of which is faulty, and entire damages are given, the verdict shall be good; but the Defendant may apply to the Court to instruct the to the count. ” Under this Statute, if there was a general verdict after* a demurrer to the whole Declaration, some of the counts being bad, and some good, the Judgment could not be arrested, and the Plaintiff might in fact recover upon proof only of the bad counts, unless the Defendant had some means of avoiding this consequence upon the trial, This Court, in Roe v. Crutchfield, 1 Hen. & Munf. 361, adopted the rule laid down in The Duke of Bedford, v. Alcocke, and declared, that the Defendant might still avail himself of the objection to the bad counts, by moving the Court to instruct the Jury to disregard them, or by demurring to the evidence, or objecting to the evidence applicable only to the bad counts, and taking an exception, if it be admitted, so as to show that the evidence was only applicable to the bad counts. Such a motion to exclude the evidence, would be in effect a motion to declare the counts to be bad, and to be disregarded by the Juiy; for, in any other view, to exclude evidence proper to support the matter put in issue by the pleadings, would be utterly inadmissible.. Without some effectual means allowed to the Defendant, to avoid the effect at the trial of allowing the Plaintiff to proceed upon his defective counts, by overriding the demurrer ire toto, such a demurrer ought to be sustained as to the defective counts.
The Defendant, in this case, moved the Court to instruct the Juiy, that although it appeared, that the Defendant had leased the premises to the Plaintiff for seven years, of which three years were unexpired when the suit was brought, and that the Defendant dispossessed the Plaintiff; yet, they should not take into consideration, in their estimate of damages, the injury resulting from the Plaintiff’s being kept out of possession, from the date of the Writ to the expiration of the term; but only from the time of the dispossession, until the suit was brought. The Court refused, being of opinion, that as the had a to vindictive take into *13 consideration the whole loss resulting to the Plaintiff from the.tortious entry. The Defendant might, with propriety, have asked the Court to instruct the Jury, to disregard all the counts the second, and that under it, no evidence could be given of the continued dispossession of the Plaintiff, or any other injury done by the retaining of the possession, after the first entry and taking of the ;^oods; and for this first entry and taking only; could damages be given.
It is well settled, that in an action quare clausum fregit; whether by a freeholder or tenant for years, the trespass cannot be laid with a continuando, unless the Plaintiff has remained in possession, or regained it. If he has never’ keen deprived of the possession, the continuando is to be laid diversis diebus et viscibus. If he has been dispossessed, and has regained the possession, he may lay the continuando without describing the tresspass as done diversis diebus et viscibus. To this general rule there is an exception, in cases in which the estate of the Plaintiff has determined by lapse of time, or act of God, before the action brought; and this from necessitju
The reason of this general rule, is, that tresspass can only he upon land in the possession of another. As soon as a party is put out of possession, the continued possession of the trespasser is no trespass upon him. But, when he regains the possession, hois, by relation, considered as having had a continued possession, and may then, in an action of trespass, recover the mesne profits, and damages for the whole time he was dispossessed. See 20 Vin. Abr. “ Trespass;” Letter K passim; Trials Per Pas, 232; Co. Litt. 257, b. The case cited in 7 Vin. Abr. 267, H. 3, pl. 13 that in trespass by tenant by Statute Staple, the Plaintiff bad a verdict, and Judgment for damages, before and after the Writ, up to the finding of the verdict, is contrary to the whole courseof decision in England.
If the tenant by Statute Staple was considered as having any estate, in the land, he eould not be a tenant for years; for, the period for which he was entitled to hold was uncertain, being accountable for casual profits, which might shorten the time for which he was entitled, or might enlarge the time. 19 Vin. Abr. 572: A. a. passim; Ibid. 574, D. a; and the Statute declares, that “ihe merchant shall have such seisin in the lands and tenements delivered unto him or his assignee, that he may maintain a Writ of Novel Disseisin if he be put out, and z’e-disseisin also as offreehold, to hold to him and his assigns, until the debt be paid.’5 It probably was held, that a tenant by Statute Staple had not a freehold, but a quasi freehold; and if not a fz-eehold, then he had no estate. For, in Dighton v. Grenville, 2 Vent. 228, there is an ela *14 borate argument to prove, that he has an estate, without determining what estate. The case of trespass by such a tenant, cited in Vincr, probably formed an exception to the general rule, on account of the peculiar character of his interest.
In effect, the instruction of the Court authorised the Jury, not only to give damages for the detention of the possession up to the suing out of the Writ, (which the Defendant seems to have been willing to submit to,) but also for the detention up to the trial; and for this cause, the Judgment should be reversed, the vei’dict set aside, and the cause remanded for a new trial to be had therein.
Judge Cabell.
This is an action of trespass guare clausum frcgit. The Declaration contain five counts; all of which, except the second, lay the trespass with a continuando, stating, that the Defendant kept and withheld the possession, from the time of the original trespass, up to the time of suing out the Writ; and in one of them, up to the time of filing the Declaration.
The Defendant filed a general demurrer to the Declaration, and also the plea of not guilty; on both of which, issues were joined. On the trial of the issue on the of not the found ■ a verdict for the Plaintiff for #930; but, as the laid in the Declaration were only #500, the Plaintiff released #450 of the damages found by the Jury; whereupon, the Court gave Judgment for the # 500.
The record does not shew, that the Court pronounced any Judgment on the demurrer; unless we are to consider the Judgment for the Plaintiff, on the verdict, as' involving, or as tantamount to, a Judgment overruling the demurrer. I am of opinion that- we ought so to consider it; for, unless the Court had thought the demurrer ought to have been overruled, no Judgment should have been pronounced for the Plaintiff, on the verdict.
Considering the Judgment on the verdict, as a Judgment overruling the demurrer, the first question which arises is, whether that Judgment be correct.
Where there is a general demurrer to the Declaration, and also an issue of fact, the regular course is to decide the demurrer first; oecause, if the demurrer to the whole Declaration be sustained, there would be no utility in trying the issue. For, whatever might be the verdict of the Jury, the Defendant would be entitled to a Judgment in his favor. Green v. Dulaney, 2 Munf. 518. But, although this be the if the Court proceed differently, and try *15 Hie issue of fact first, and then overrule the demurrer, that will nó?. be aufficient cause to reverse the Judgment; provided the demurrer was such, that it ought to have been overruled, or ought not to have been sustained.
Where a Declaration contains many counts, some of which are good and some are bad, aud there is a general demurrer, the regular course, I conceive,is, to overrule the demurrer as to the good counts, and to sustain it as to those that are bad; thus putting the bad counts out of the case, and preventing any farther question as to them, in the future progress of the cause. 1 Saund. 286, note q; 5 Bac. Abr. “Pleas and Pleadings," B. 1, in a note. But, although this be the regular course, a of the will not be a sufficient cause for the Judgment, of the counts be good. Duke of Bedford v. Alcocke, 1 Wils. 248; Roe v. Crutchfield, 1 Hen. & Munf. 361. IT the demurrer had been thus overruled before the trial of the issue of fact, still it would have been competent to the Defendant, to avail himself of the objection to the bad counts, either by moving the ©ourt to instruct tire Jury to disregard them, or by demurring to the evidence, or by objecting to sucli evidence as was applicable only to the bad counts. Roe v. Crutchfield, 1 Hen. & Munf. 361.
It was a rule at the Common Law, that if the Plaintiff took a verdict on the whole Declaration, and any one count was bad, he could have no Judgment whatever. But, this rule has been done away by our Statute of Jeofails, which declares, that “when there are several counts, one of which is faulty, and entire damages are given, the verdict shall he good; but the Defendant may apply to the Court to instruct the Jury to disregard the faulty counts.” 1 Rev. Code, 512, see. 104.
The second count in this Declaration was unquestionably good: and therefore, so far as relates to the demurrer, the Judgment is unassailable.
But, on the trial of the cause, the Defendant tendered a Bill of Lx eeptions to the opinion of the Court, which states, that “it appeared that the Defendant had leased to the Plaintiff a tenement in Fredericksburg, for a term of seven years, about three years of which were unexpired when the suit was brought, of which the Defendant dispossessed the Plaintiff before the expiration of the lease; on which, the Defendant’s Counsel moved the Court to instruct the Jury, that admitting this dispossession to be wrongful, they ought not to take into consideration, in their estimate of damages, the injury resulting from the Plaintiff’s being kept out of possession from the date of the Writ to the expiration, but only" from the time of the dispossession *16 Until théjsuit was brought. The Court, however, being of opinion that the Jury in this ease, having a right to give vindictive damages,, might take into consideration the whole loss sustained by the tprtious entry; and therefore overruled the motion; to which opinion the Defendant’s Counsel excepted.” " ■
The Law» has wisely provided remedies suited to every possible ease that can be supposed to exist. BuT, it a. party injured resorts to a remedy not provided for, nor suited to his'sease, it is he and not the Law that is to blame, if he fails to obtain that redress which his case requires.
If, in the case before us, the Plaintiff had brought his Writ of Ejection Firmer, or an action of tresspass in ejectment, as originally practised, he might have recovered back his term, or the romainderv of it together with damages for the trespass, and for the mesne profits, during the time the term was withheld from him; or, if no portion of the term was in arrear, at the time the Judgment was * pronounced, then he would have Judgment for the damages only. 3 Black. Com. 199, 200, 201.
But, he has brought an action of trespass quare clausum fregit; and that, without any previous entry on the disseisor, so as to regain the possession. Now, the gist of the action of trespass is the injury to the possession; and trespass cannot be supported, unless, at the time the injury was committed, the plaintiff was in actual possession. 2 Roll. Abr. 553; Com. Dig. “Trespass,” B. 3; Bac. Abr. “Trespass,” C. 3; 5 East. 485, 487; 3 Black. Com. 210. Thus, before entry or actual possession, a person cannot maintain trespass, though he hath the freehold in Law; as a person before induction, or a conusee of a fine, or a purchscr by lease and release, (though the Statufe executes the use,) or an heir or devisee against an abator; or a lessee for 3-cars before entry. Chitt. Pl. 175-6-7, and Cases there cited. A disseisee may, before his re-entry, maintain trespass against the disseisor for the disseisin itself, because he was 1 hen-in possession. 3 Black. Com. 210; but until he has nod session by re-entty, he shall not have trespass against the disseisor, either for an injury done after the disseisin, or for the continuance of the possession after the disseisin; “because the frank-tenement is in the disseisor at all times after the disseisin;” and the Law is the same, whether the disseisee, at the time of the disseisin, held a freehold or a chattel interest. 2 Roll. Abr. 550, 553; Com. Dig. “Trespass,” B. 3; 20 Vin. Abr. “Trespass,” K. 447. If,however, the estate of the disseisee is determined by its own limitation, or by the act of God, so that the disseisee cannot enter, then he may maintain trespass, from necessit3r, without re-entry. But, if the *18 disseisee regain tL.- possession, he may then have trespass (laying it with n coni ■' n uasidoj for any intermediate damage, and for thewzei^ie profits fertile whole timet lie possession was withheld; for, after his re entry, the Law, by a kind of Jus pc.slii mi nis, supposes the possession to have, all along, continued i.i him. 3 Black. Com. 210; Co. Litt. 257, a; 2 Lord Raym. 977.
The Defendant in this case, therefore., as there had been no rc-entrv by the Plaintiff, had a right, to require of the Court: the exclusion of all evidence of the continued dispossession of the Plaintiff, or of any other injury done by the retaining of the possession by the Defendant, after the first entry. Hu had. a right to require an instruction to the Jury, that in estimating thu damages, they should confine themselves to the original trespass and (rustir.
The effect of the instruction actually given, was, to authorise the Jury to give damages for tho continued dispossession, not only to the time of bringing the suit, but, to the expiration of the lease; or at least; to the time of the trial, if the lease had not then expired.
Per this error, the Judgment should be reversed, and the cause be remanded for a new tiial; in which, no instruction is to be given, that shall authorise the Jury to give damages for any thing after the original Irespass and ouster.
Judgment reversed, &c. *

The I’nv.BiersT, and Judge Ocu-teh, absent.