August 21.
JUDGE CARR.
Cooke leased to Thornton a tenement in Fredericksburg for seven years. He after-wards dispossessed him of the tenement, before the expiration of the term; there being about three years of the lease to run when this suit was brought. This is an action of trespass quare clausum fregit, brought by the tenant for this wrong. The declaration shews that there had been no re-entry; but, that the possession gained by the ouster, continued in the landlord.
Several points were made in the Court below, but one only was relied on in the argument here, or seems worthy of notice. It is that going out of the first Bill of Exceptions. The Counsel for the Defendant moved the Court to instruct the Jury, “that admitting the dispossession to be wrongful, they ought not to take into consideration, in their estimate of damages, the injury resulting from the Plaintiff’s being kept out of possession, from the date of the writ to the expiration,’’ (of the term) “but only from the time of the dispossession,until the suit was brought;” which instruction the Court refused to give.
*In this refusal, I think there was clear error. To maintain this action, there must have been an actual possession when the trespass complained of was committed. Before entry and actual possession, a person having the freehold in haw, cannot have trespass. Thus, it will not lie before entry for a conusee of a fine, or a purchaser by lease and release, or an heir or devisee against an abator. A disseisee may have it against the desseisor for the disseisin itself, because he was then in possession ; but not for an injury after the disseisin, until he hath gained possession by re-entry; and then he may support this action for the intermediate damage; for, after the entry, the law, by a kind of jus post liminii, (as Blackstone expresses it,) supposes the freehold to have all along continued in him. I might quote many passages from the Books, in support of this. Co. Litt. 257, a. “The disseisee shall *596 have an action of trespass against the disseisor, and recover his damages for the first entry, without anv regress; but after regress, he may have an action of trespass with a continuando, and recover, as well for all the mesne occupation, as for the first entry.”
Monockton v. Pashley, &c. 2 Ld. Raym. 977. Per Lord Holt. “As to the case of an entry with ouster, it may be set forth specially in the count, or not, with a con-tinuando, or diversis diebus et viscibus, between such a day and such a day; but, then you must prove, that the Plaintiff reentered before the action brought, or else you cannot assign the mesne trespass; for, by the ouster, the Defendant has got possession, and he cannot be a trespasser to the Plaintiff: but when the Plaintiff reenters, the possession is in him ab initio, and he shall have the mesne profits.”
I have seen the rule no where more clearly laid down, than in the case of Case v. Shepherd, 2 Johns. Cas. 27. Per Curiam. “In this case, the trespass is laid with a continuando, but the distinction, as to the amount of damages, is this. After an ouster, you can only recover for the simple trespass, or first entry; for, where there is an ouster, *every subsequent act is a continuance of the trespass. Yet, in order to entitle the Plaintiff to recover for the subsequent acts, there must be a re-entry. But, after a reentry, he may lay his action with a con-tinuando, and recover mesne profi+s, as well as damages for the ouster.”
In the case before us, there was an ouster, and no re-entry. The Plaintiff, therefore, could recover for the simple trespass, or first entry only. He could not lay his action with a continuando. The Defendant, therefore, might have asked for much broader instructions than he did. He only asked that the Jury might be instructed not to give damages from the time of dispossession till the expiration of the lease, but to the date of the Writ; and by refusing this instruction, the Court virtually told the Jury, that they might give damages for the whole term unexpired at the date of the ouster. This was unquestionably wrong.
I think the Judgment should be reversed, and the cause sent back for a new trial; upon which, such instructions as result from the principles now laid down, should be given, if asked for.
JUDGE GREEN.
This is' an action of trespass quare clausum fregit. There are five counts, all of which, except the second, lay the trespass with a continuando until the suing out of the Writ; and some of them, even until the filing of the Declaration; and in all, the continuando is laid with the allegation that the Defendant had kept the Plaintiff out of possession, during the whole time mentioned in the continuando.
To this Declaration, there was a general demurrer, and a plea of not guilty; on which issues were joined. No Judgment was pronounced on the demurrer, unless the final Judgment for the Plaintiff may be considered, as I think it' may, as involving a Judgment upon the demurrer.
*The Jury found a general verdict for the Plaintiff. The Defendant took two exceptions to opinions of the Court,, given on the trial; the first of which only is insisted on.
The proper course of practice, in the case of a demurrer and issue in fact, is, to try the demurrer first, as has been repeatedly said in this Court. Eor, if the demurrer to' the whole Declaration was sustained, there would be no necessity for trying the issue in fact, and the expense of the trial would be saved; for, in that case, after a verdict for the Plaintiff, the Defendant’would still be entitled to a Judgment upon the demurrer. If the demurrer ought to be overruled, there would be no error which would justify a reversal of the Judgment, although the demurrer were decided after the finding of the issue.
In this case, the second count, which does not lay the. trespass with a con-tinuando, is unquestionably good. All the rest are, I think, bad. In deciding upon a general demurrer to such a Declaration, I should have thought that the Judgment should be, to sustain the demurrer as to the bad counts, and that the Plaintiff take nothing by them; and to overrule it as to-the good count, so as to put the bad counts finally out of the cause in respect to them % as in 1 Saund. 286, n. q:, it is said, that in such case, the Plaintiff shall have Judgment for so much as is good, and of course, not upon the whole Declaration. It was, however held, in The Duke of Bedford v. Alcocke, 1 Wils. 248, that the demurrer in such case should be overruled in toto; by which the Defendant could suffer no injury; for, if the Plaintiff took a verdict on the whole Declaration, and any count was bad, he could not have any Judgment, but might avoid that consequence by taking a verdict on the good counts only. This rule of the Common Law, as to the effect of a verdict upon the whole Declaration, in which there is a bad count, is reversed by our Statute, which enacts that, “when there are several counts, one of which is faulty, and entire damages are given, the verdict shall be good; but the Defendant n ay apply to the *Court to instruct the Jury, to disregard the faulty count.” Under this Statute, if there was a general verdict after a demurrer to the whole Declaration, some of the counts being bad, and some good, the Judgment could not be arrested, and the Plaintiff might in fact recover upon proof only of the bad counts, unless the Defendant had some means of avoiding this consequence upon the trial. This Court, in Roe v. Crutchfield, 1 Hen. & Munf. 361, adopted the rule laid down in The Duke of Bedford, v. Alcocke, and declared, that the Defendant might still avail himself of the objection to the bad counts, by moving the Court to instruct the Jury to disregard them, or by demurring to the evidence, or objecting to the evidence applicable only to the bad counts, and taking an exception, if it be admitted, so as to show that the evidence was only applicable to the bad counts. Sucn a motion to exclude the evidence, would be in effect a motion to declare the counts to be bad, and to be dis *597 regarded by the Jury; for, in any other view, to exclude evidence proper to support the matter put in issue by the pleadings, would be utterly inadmissible. Without some effectual means allowed to the Defendant, to avoid the effect at the trial of allowing the Plaintiff to proceed upon his defective counts, by overruling the demurrer in toto, such a demurrer ought to be sustained as to the defective counts.
The Defendant, in this case, moved the «Court to instruct the Jury, that although it appeared, that the Defendant had leased the premises to the Plaintiff for seven years, of which three years were unexpired when the suit was brought, and that the Defendant dispossessed the Plaintiff; yet, they should not take into consideration, in their estimate of damages, the injury resulting from the Plaintiff’s being kept out of possession, from the date of the Writ to the expiration of the term; but only from the time of the dispossession, until the suit was brought. The Court refused, being of ■opinion, that as the Jury had a right to give vindictive damages, they might take into consideration the whole loss ^resulting to the Plaintiff from the tortious entry. The Defendant might, with propriety, have asked the Court to instruct the Jury, to disregard all the counts but the second, and that under it, no evidence could be given of the continued dispossession of the plaintiff, or any other injury done by the retaining of the possession, after the first entry and taking of the goods; and for this first entry and taking only; could damages be given.
It is well settled, that in an action quare clausum fregit, whether by a freeholder or tenant for years, the trespass cannot be laid with a continuando, unless the Plaintiff has remained in possession, or regained it. If he has never been ■deprived of the possession, the con-tinuando is to be laid diversis diebus et viscibus. If he has been dispossessed, and has regained the possession, he may lay the continuando without describing the trespass as done diversis diebus et viscibus. To this general rule there is an exception, in cases in which the estate of the Plaintiff has determined by lapse of time, or act of God, before the action brought; and this from necessity.
The reason of this general rule, is, that trespass can only be upon land in the possession of another. As soon as a party is pui out of possession, the continued possession. of the trespasser is no trespass upon him. But, when he regains the possession, he is, by relation, considered as having had a continued possession, and may then, in an action of trespass, recover the mesne profits, and damages for the whole time he was dispossessed. See 20 Vin. Abr. “Trespass;” Letter K. passim ; Trials Per Pas, 232; Co. Litt. 257, b. The case cited in 7 Vin. Abr. 257, H. 3, pl. 13 that in trespass by tenant by Statute Staple, the Plaintiff had a verdict, and Judgment for damages, before and after the Writ, up to the finding of the verdict, is contrary to the whole course of decision in England.
If the tenant by Statute Staple was considered as having any estate in the land, he could not be a tenant for years; for, the period for which he was entitled to hold was uncertain, ’‘being accountable for casual profits, which might shorten the time for which he was entitled, or circumstances might enlarge the time. 19 Vin. Abr. 572; A. a. passim; Ibid. 574, D. a; and the Statute declares, that “the merchant shall have such seisin in the lands and tenements delivered unto him or his assignee, that he may maintain a Writ of Novel Disseisin if he be put out, and re-disseisin also as of freehold, to hold to him and his assigns, until the debt be paid.” It probably was held, that a tenant by Statute Staple and not a freehold, but a quasi freehold; and if not a freehold, then he had no estate. For, In Dighton v. Grenville, 2 Vent. 228, there is an elaborate argument to prove, that he has an estate, without determining what estate. The case of trespass by such a tenant, cited in Viner, probably formed an exception to the general rule, on account of the peculiar character of his interest.
In effect, the instruction of the Court authorised the Jury, not only to give damages for the detention of the possession up to the suing out of the Writ, (which the Defendant seems to have been willing to submit to,) but also for the detention up to the trial; and for this cause, the Judgment should be reversed, the verdict set aside, and the cause remanded for a new trial to be had therein.
JUDGE CAB EBB.
This is an action of trespass quare clausum fregit. The Declaration contain five counts; all of which, except the second, lay the trespass with a continuando, stating, that the Defendant kept and withheld the possession, from the time of the original trespass, up to the time of suing out the Writ; and in one of them, up to the time of filing the Declaration.
The Defendant filed a general demurrer to the Declaration, and also the plea of not guilty; on both of which, issues were joined. On the trial of the issue on the plea *of not guilty, the Jury found a verdict for the Plaintiff for $950; but, as the damages laid in the Declaration were only $500, the Plaintiff released $450 of the damages found by the Jury; whereupon, the Court gave Judgment for the $500.
The record does not shew, that the Court pronounced any Judgment on the demurrer; unless we are to consider the Judgment for the Plaintiff, on the verdict, as involving, or as tantamount to, a Judgment overruling the demurrer. I am of opinion that we ought so to consider it; for, unless the Court had thought the demurrer ought to have been overruled, no Judgment should have been pronounced for the Plaintiff, on the verdict.
Considering the Judgment on the verdict, as a judgment overruling the demurrer, the first question which arises is, whether that Judgment be correct.
Where there is a general demurrer to the Declaration, and also an issue of fact, the regular course is to decide - the demurrer first; because, if the demurrer to the whole *598 Declaration be sustained, there would be no utility in trying the issue. Eor, whatever might be the verdict of the Jury, the Defendant would be entitled to a Judgment in his favor. Green v. Dulaney, 2 Munf. 518. But, although this be the regular course, yet if the Court proceed differently, and try the issue of fact first, and then overrule the demurrer, that will not be sufficient cause to reverse the Judgment; provided the demurrer was such, that it ought to have been overruled, or ought not to have been sustained.
Where a Declaration contains many counts, some of which are good and some are bad, and there is a general demurrer, the regular course, I conceive, is, to overrule the demurrer as to the good counts, and to sustain it as to those that are bad; thus putting the bad counts out of the case, and preventing any farther question as to them, in the future progress of the cause. 1 Saund. 286, note q; 5 Bac. Abr. “Pleas and Pleadings,” B. 1, in a note. But, although this be the regular course, yet a general ^overruling of the demurrer, will not be a sufficient cause for reversing the Judgment, provided any of the counts be good. Duke of Bedford v. Alcocke, 1 Wils. 248; Roe v. Crutchfield, 1 Hen. & Munf. 361. If the demurrer had been thus overruled before the trial of the issue of fact, still it would have been competent to the Defendant, to avail himself of the objection to the bad counts, either by moving the Court to instruct the Jury to disregard them, or by demurring to the evidence, or by objecting to such evidence as was applicable only to the bad counts. Roe v. Crutchfield, 1 Hen. & Munf. 361.
It was a rule at the Common Law, that if the Plaintiff took a verdict on the whole Declaration, and any one count was bad, he could have no Judgment whatever. But, this rule has been done away by our Statute of Jeofails, which declares, that “when there are several counts, one of which is faulty, and entire damages are given, the verdict shall be good; but the Defendant may apply to the Court to instruct the Jury to disregard the faulty counts.” 1 Rev. Code, 512, sec. 104.
The second count in this Declaration was unquestionably good ; and therefore, so far as relates to the demurrer, the Judgment is unassailable.
But, on the trial of the cause, the Defendant tendered a Bill of Exceptions to the opinion of the Court, which states, that “it appeared that the Defendant had leased to the Plaintiff a tenement in Fredericks-burg, for a term of seven years, about three years of which were unexpirert when the suit was brought, of which the Defendant dispossessed the Plaintiff before the expiration of the lease; on which, the Defendant’s Counsel moved the Court to instruct the jury,, that admitting this dispossession to be wrongful, they ought not to take into consideration, in their estimate of damages, the injury resulting from the Plaintiff’s being kept out of possession from the date of the Writ to the expiration, but only from the time of the dispossession until the suit was brought. The Court, however, being *of opinion that the Jury in this case, having a. right to give vindictive damages, might take into consideration the whole loss sustained by the tortious entry; and therefore: overruled the motion ; to which opinion the Defendant’s Counsel excepted.”
The Law has wisely provided remedies suited to every possible case that can be supposed to exist. But, if a party injured resorts to a remedy not provided for, nor-suited to his case, it is he and not the Law that is to blame, if he fails to obtain that redress which his case requires.
If, in the case before us, the Plaintiff had brought his Writ of Ejection Firmas, or an action of trespass in ejectment, as-originally practised, he might have recovered back his term, or the remainder of it together with damages for the trespass, and for the mesne profits, during the time the term was withheld from him; or, if no-portion of the term was in arrear, at the time the Judgment was pronounced, then he would have Judgment for the damages, only. 3 Black. Com. 199, 200, 201.
But, he has brought an action of trespass quare clausum fregit; and that, without any previous entry on the disseisor, so-as to regain the possession. Now, the gist of the action of trespass is the injury to the possession; and trespass cannot be supported, unless, at the time the injury was committed, the plaintiff was in actual possession. 2 Roll. Abr. 553; Com. Dig. “Trespass,” B. 3; Bac. Abr. “Trespass,” C. 3; 5 East. 485, 487; 3 Black. Com. 210. Thus, before entry or actual possession, a. person cannot maintain trespass, though: he hath the freehold in Law; as a person before induction, or a conusee of a fine, or a purchaser by lease and release, (though the Statute executes the use,) or an heir or devisee against an abator; or a lessee: for years before entry. Chitt. PI. 175-6-7, and Cases there cited. A disseisee may, before his re-entry, maintain trespass, against the disseisor for the disseisin itself, because he was then in possession. 3 *BlaGk. Com. 210; but until he has gained possession by re-entry, he shall not have trespass against the dis-seissor, either for an injury done after the disseisin, or for the continuance of the possession after the disseisin; “because: the franktenement is in the disseisor at all times after the disseisin ;” and the Law is-the same, whether the disseisee, at the-time of the disseisin, held a freehold or a chattel interest. 2 Roll. Abr. 550, 553; Com. Dig. “Trespass,” B. 3; 20 Vin. Abr. “Trespass,” K. 447. If, however, the estate of the disseisee is determined by its. own limitation, or by the act of God, so. that the disseisee cannot enter, then he may maintain trespass, from necessity,, without re-entry. But, if the disseisee regain the possession, he may then have trespass (laying it with a continuando) for any intermediate damage, and for the mesne profits for the whole time the possession was withheld; for, after his re-entry,.1 the Law, by a kind of jus postliminii, supposes the possession to have, all along,, continued in him. 3 Black. Com. 210; Co. Litt. 257; a; 2 Lord Raym. 977.
. The Defendant in this case, therefore, as, *599 there had been no re-entry by the Plaintiff, had a right to require of the Court the exclusion of all evidence of the continued dispossession of the Plaintiff, or of any other injury done by the retaining of the possession by the Defendant, after the first entry. He had a right to require an instruction to the Jury, that in estimating the damages, they should confine themselves to the original trespass and ouster.
The effect of the instruction actually given, was, to authorise the Jury to give damages for the continued dispossession, not only to the time, of bringing the suit, but to the expiration of the lease; or at least; to the time cf the trial, if the lease had not then expired.
For this error, the Judgment should be reversed, and the cause be remanded for a new trial; in which, no instruction is to be given, that shall authorise the Jury to *give damages for any thing after the original trespass and ouster.
Judgment reversed, &c.