Per Curiam.

This application cannot be granted. If county commissioners proceed to construct a road, after notice of the pendency of a petition for a certiorari on account of error in their previous proceedings, and it shall ultimately be determined that such previous proceedings were erroneous and ought to be quashed, they will have acted at their peril. It is manifest that a tax laid upon the county to pay the expenses so incurred will be illegal, and that after such complaint, petition and notice, the town cannot be held chargeable for any expenses incurred under proceedings so adjudged to be erroneous. A writ of error operates as a supersedeas, and possibly a writ of certiorari may ; we have not examined the point; but it is clear that mere notice of a petition for a certiorari cannot have that effect.[1]

Petition dismissed.

 A certiorari to a subordinate tribunal operates as a stay of proceedings from the time of service, unless the order or judgment complained of has been begun to be executed. Patchin v. Mayor, &c. of Brooklyn, 13 Wendell, 664. See also Kingsland v. Gould, 1 Halsted, 161; Mairs v. Sparks, 2 Southard, 513; Case v. Shepherd, 2 Johns. Cas. 27; Gardiner v. Murray, 4 Yeates, 560 ; Ex parte Sanders, 4 Cowen, 544 ; Blanchard v. Myers, 9 Johns. R. 66.