Ambler v. Church.

lands were originally sequestered for the support of the ministry in said Cornwall. In A. D. 1753 they were leased by a committee of said Cornwall, to a Mr. Sumner, for 999 years; from whom they came by a number of deeds of bargain and sale in fee, to Joseph Ives, father of the woman in whose right this suit is brought and who claim the land as heirs to Joseph Ives aforesaid.

The defendant is in possession under no title, and plead in bar the original sequestration, the letting for 999 years, and the deeds of sale in fee; which are alleged, to work a forfeiture of said estate, etc. To this plea a demurrer was given.

Judgment — That the plea in bar is insufficient.

## AMBLER v. CHURCH.

Action doth not lie against a justice for error in judgment.

ERROR to reverse a judgment of the County Court, in an action brought by Church against Ambler for a misfeasance in his office of justice of the peace; declaring that he brought an action on book against Brooks and Brace before him; that the plaintiff appeared by his attorney Griffin, on the day of the court, and at the time set in the writ; and moved that said action should be called, which said justice refused to do, etc.

Plea in bar — That said writ was an attachment, and had

been served on one of the defendants only, by attaching his body and committing him to Litchfield gaol, where he was then confined; and no person appeared for the plaintiff, but Griffin, who showed no power from the plaintiff, to appear for him.

Plaintiff replied — That said Griffin had an ample power from him to appear in said cause, and that he showed it to said justice, before he moved to have said action called. Upon this fact the parties joined issue to the court; and a demurrer was given to the rest of the plea. The County Court found both issues of fact, and of law, in favor of Church, and gave judgment for £4 damages, etc.

The common error assigned.

Judgment — Manifest error.

By the COURT. The justice is not liable in damages for not calling said action at the time, and rendering judgment under the circumstances. There is no pretense of partiality or corruption, and even if the justice erred in judgment it ought not to make him liable.