The opinion of the Court was delivered by
Gibson J.
The agreement set up at the trial was entered into prior to the judgment which this scire facias is brought to revive, and might have been urged as a defence to the original suit. The defendants contend, there are peculiar circumstances exempting this case from the operation of the rule which excludes, as a defence to a scire facias, all matter that might have been taken advantage of in the original suit; because, as they say, the agreement could not have been used as a defence without violating it; and because the judgment was obtained by surprise. Nothing to justify such a conclusion appears, either in the agreement set forth in the special matter, or in the facts disclosed in the argument. M'-Donald, for the purpose of raising money, pledged a quantity of coffee with the defendants, who were auctioneers, and received their notes, (on one of which the original suit was founded,) which he discounted with the plaintiff. The coffee, under an arrangement, the terms of which do not appear, came to the possession of Savage and Dugan, against whom *68 the plaintiff, in MiDonald,s name, instituted an action of replevin for it, which is still pending. For the purpose of prosecuting that suit with effect, and in consideration, among other things, that the defendants would not interfere with, or ¿0 any act to the prejudice of, his claim, the plaintiff agreed to discharge them from all personal responsibility on account of the notes. Now, there was nothing in the nature of this agreement that required secrecy. McDonald, in whose stead the plaintiff stands as to the replevin, could recover against persons who obtained possession of the coffee under the defendants, only by shewing that the notes, for the payment of which it had been pledged with the drawers as a security against their eventual liability, were discharged. While their responsibility continued, the defendants, and every one in possession under their authority, had a special property in the coffee, and might retain it against M-Donald, and every person claiming through him. The plaintiff could have no claim to the coffee merely from the circumstance of being the holder of the notes, the discharge of which, so far from prejudicing hip claim in the name of M'-Donald, was absolutely necessary to its success. But, were it otherwise, it would be an unreasonable construction to bind the defendants to silence, while a judgment on a fictitious claim was'demanded against them. Such an agreement could be founded only on a fraud meditated against third persons; and a judgment obtained pursuant to it, though void as to every one else, would be conclusive between the parties to the fraud. Such, however, was not the intention in the present case ; and as soon, therefore, as the plaintiff evinced a disposition to pursue his claim on the notes, by ruling the defendants to plead, and to file an affidavit of defence, they ought to have set up the agreement as a discharge. But I take the law to be, that in no case, nor under any circumstances, can the merits of the original judgment be inquired into for the purpose of furnishing a defence to a scirC facias. Where a judgment has been obtained surreptitiously, it will be set aside on motion: and where it is suffered by confession or default, if there be a defence of which the party was ignorant, or which arose afterwards, the Court, to give him the advantage of it, will open the judgment. But in no other way can the equitable power of the Court be interposed. In this proceeding the defendant must *69 deny the original judgment altogether, or shew it has been satisfied since it was rendered; for down to that point of time it is conclusive. There must be judgment for the plaintiff.
New trial refused.