The opinion of the court was delivered by
*Gibson, C. J.
The record returned with this writ of error, is a pregnant proof that the forms of the law are the guardians of its principles. The.suit below was an appeal from the judgment of a justice, on a scire facias quare execuiio non ; in which, pursuant to a practice tolerated in appeal causes, the plaintiff declared for money had and received.* This practice may be a convenient one; but it leads to irregularities, which, if not corrected, would not only change the form of the proceeding, but impair the rights involved in it, as happened in this instance. Had the cause been put at issue as it ought to have been, on the plea of payment, even without a proper declaration, which is needless in cases of scire facias, and seldom filed, the matter to be tried would have been so clearly indicated, that a mistrial could scarce have taken place. As it was, it must have appeared to the Court, as well from the evidence as the pleadings, that the suit was on a promissory note as an original cause of action ; for the plaintiff gave in evidence, not his judgment, but the note on which it was obtained; and the defence, as might he expected, was one which, however admissible in the original action, was excluded by the judgment. Evidence was received to show failure of consideration, because a title to the land for the price of which the note was given, had not been *115 tendered; and also to show want of jurisdiction because the validity of the title might have been in question : matters judicially settled and not to be controverted a second time. Since Cardesa v. Humes, (5 Serg. & Rawle, 65,) it has not been supposed here, nor had it been elsewhere, that the merits of a judgment may be opened on a scire facias, to let in a defence that might have been urged before; and this for the best of reasons, because the matter must be taken to have passed in rem judicatam. Indeed it requires not the authority of that case, for a principle so plain as that a party actually or potentially heard, is not to be heard over again.
Nor was the evidence proper in this proceeding, to show want of original jurisdiction; though it would have been clearly competent to do so in the original action. Title to land had been indirectly in question, and perhaps erroneously passed upon; but the corrective is not collateral revision. Consent, it is said, gives not jurisdiction; and advantage can be had of the want of it at any time. I take that to be true when want of jurisdiction is evident from the nature of the proceeding, or apparent on the record, as in Lord Clare v. Roach, (2 Show. 98, pl. 96,) in which it was agreed that consent of record, would not authorise a trial of the title to land in another country; but it is not true, where want of jurisdiction in the particular instance is the effect of limitations operating as exceptions, as in Fox v. Wood, (1 Rawle, 143). These afford grounds of special defence which may be waived, and consequently leave no trace of their existence on the record, so that the cause of action may appear to be regularly withinthe general jurisdiction of the fo rum; and *^611 party has not shown his case to be within the exception, at the proper time, no principle of justice requires that he be permitted to show it afterwards. Rut what is his remedy when he has attempted to show it, and it is erroneously determined ? Clearly an appeal, as in the case of any other erroneous determination. The defendant did not appeal; so that debate about the nature of the consideration is consequently concluded; and as want of jurisdiction is not apparent on the record, it may not be shown on the trial of a scire facias, which is a collateral proceeding.
Judgment reversed, and a venire de novo awarded
Cited by Counsel, 7 Watts, 140; 1 Watts & Sergeant, 415 ; 1 Casey, 79 ; 2 Miles, 253.

 See 7 Watts, 237.