## CRAIG *vs.* BURNETT.

[ACTION TO RECOVER DAMAGES FOR FALSE IMPRISONMENT.]

1. *When action lies against judicial officer.*—The general rule is, that a civil action does not lie against an officer for errors committed in the exercise of judicial functions; but there is an admitted exception to this rule, where the judicial officer of an inferior court not of record exercises an authority which is not within the scope of his jurisdiction.

2. *Powers of corporate authorities of Cahaba to fine and imprison.*—Under the act incorporating the town of Cahaba, (Toul. Digest, 817, §§ 6, 8,) each member of the town council is invested with authority as a magistrate, within the corporate limits of the town, to impose fines not exceeding $50, and to imprison for not more than three days, for the violation of a municipal ordinance; but, before the power to imprison can be exercised, there must have been a judicial ascertainment of the fact that such ordinance had been violated; and the charter does not confer on the town council, as a judicial body, power to adjudge fines.

8. *Validity of by-law respecting retailing of spirituous liquors.*—The decision in *ex parte* Burnett, 30 Ala. 461, asserting the invalidity of a municipal ordinance which fixed the price of a license for retailing spirituous liquors at $1,000, re-affirmed.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. JOHN GILL SHORTER.

The complaint in this case was in these words:

"James T. Burnett, *vs.* James D. Craig, Thomas J. Portis, Daniel S. Troy, and John P. Fulks. The plaintiff claims of the defendants the sum of $10,000, as damages for maliciously and without probable cause therefor arresting and imprisoning, and causing to be arrested and imprisoned, the said plaintiff, during the month of February, 1856."

A demurrer was interposed to the complaint, but was overruled by the court. The defendants then pleaded not guilty, together with several special pleas, averring, in substance, that the imprisonment of the plaintiff was under and by virtue of a judgment rendered by the town council of Cahaba, of which body the defendants with others were members, which judgment was rendered by

said council, under power conferred by the charter of the town of Cahaba, on account of the plaintiff's violation of a municipal ordinance. As the case is here decided on its merits, without noticing the rulings of the primary court on the pleadings, it is not necessary to incumber the report with a detailed statement of the pleadings.

On the trial, as appears from the bill of exceptions, the plaintiff proved his arrest by the town marshal, on the 7th February, 1856, under a warrant issued by the clerk of the town council; the proceedings had before the council, adjudging fine and imprisonment against him; the order of commitment to the jailor; his imprisonment for three days in the town jail; and the by-law under which the proceedings were had. The by-law referred to, which was passed on the 2d January, 1855, fixed the price of a town license to retail spiritous liquors at $1,000, and imposed a fine of $50, with three days imprisonment in case of non-payment, for retailing without a license. The warrant for the plaintiff's arrest, with the proceedings thereon, was as follows:

"Cahaba, February 7th, 1856. To the Town Marshal: Complaint having been made before me, that James T. Burnett was guilty of [violating] a town ordinance, by retailing spirituous liquors in the town of Cahaba without a license, on Thursday, the 7th February, 1856; you are hereby commanded to arrest him, and bring him before the town council, to answer said complaint."

"Thos. J. Portis, Clerk T. C. C."

"Town Council of Cahaba ⎱ Defendant is charged with
         vs. ⎰ retailing spirituous liquors in
  James T. Burnett. ⎰ the town of Cahaba, on Monday, the 4th of February, 1856. J. T. Burnett admitted the charge as alleged, whereupon he is declared guilty by the council of a violation of the ordinance forbidding the same, and fined fifty dollars and costs. The marshal is ordered to take said defendant into custody, until the same are paid; and if said fine and costs are not paid forthwith, the marshal is ordered to confine said J. T. Burnett in the county jail for three days."

47

"The State of Alabama, } To the jailor of Dallas coun-
Dallas county. } ty: You are commanded to
commit to the jail of Dallas county the body of J. T. Bur-
nett, and him safely keep within the walls of the prison of
said county, for the term of three consecutive days from
the hour of one o'clock P. M. this day; he having refused
to pay the fine of fifty dollars and costs imposed upon him
for retailing spirituous liquors, on Tuesday, the 5th Feb-
ruary, 1856, without a license from the town council of
said town. Given under my hand, in Cahaba, this 11th
February, 1856."

JAMES D. CRAIG,
Intendant of town council of Cahaba."

The court charged the jury, "that the town council of
Cahaba could not imprison for a failure to pay a penalty
incurred under a by-law, until the penalty was ascertained
and fixed by a suit before some justice of the peace, or
before some one of the council as a justice of the peace;
and if the plaintiff was imprisoned for a penalty incurred
under such by-law, without its having been first ascer-
tained to be due by such justice of the peace or magis-
trate, then such imprisonment was without authority, and
void; and if the defendants either did it, or caused it to
be done, they were trespassers, and responsible in dam-
ages to the plaintiff."

The charge of the court, with other matters to which
exceptions were reserved, is now assigned as error.

ALEX. WHITE, JNO. D. WILLIAMS, and N. R. H. DAWSON,
for the appellants, cited Yates v. Lansing, 5 Johns. 282;
Hammond v. Howell, 2 Mod. 218; Duckworth v. John-
son, 7 Ala. 581; Easton v. Callender, 11 Wendell, 95;
Henderson v. Brown, 1 Caines, 90; Jackson v. Wilkin-
son, 17 Johns. 146; Prigg v. Adams, 2 Salk. 674; Jenkins
v. Waldron, 11 Johns. 113; Butler v. Kent, 19 Johns 223;
1 East, 555; 1 Hill, 545; 3 Hill, 614; 1 Denio, 595;
2 Denio, 434; 8 Mass. 326; 3 Durn. & E. 667.

CHILTON & GUNTER, with J. T. MORGAN, contra.

WALKER, J.—In the imposition of imprisonment upon the plaintiff, the defendants certainly acted as judges. The general rule is, that there is no responsibility to the injured party, for errors committed by officers in the exercise of judicial functions. An exception to the rule is admitted, where the judicial officer of an inferior court not of record exercises an authority not within the scope of his jurisdiction.—Duckworth v. Johnson, 7 Ala. 578; Hamilton v. Williams, 26 Ala. 527; Yates v. Lansing, 5 Johns. 282; S. C., 9 Johns. 394; Piper v. Pearson, 2 Gray, 120; Clark v. May, 2 Gray, 410; Sullivan v. Jones, 2 Gray, 570; Easton v. Calendar, 11 Wendell, 90; Jenkins v. Waldron, 11 Johns. 114; Butler v. Kent, 19 Johns. 223; Cunningham v. Buncklin, 8 Cow. 178; Wilson v. Mayor, &c., 1 Denio, 599; Ambler v. Church, 1 Root, 211; Reid v. Hood & Burdine, 2 N. & M. 168; Lining v. Bentham, 2 Bay, 1; State v. Johnson, 2 Bay, 385; Moore v. Ames, 3 Caines' R. 170; Harman v. Tappenden, 1 East, 555; Greenville v. College of Physicians, 12 Mod. 386; 4 Phillips on Ev. 170, 171, 172.

The many authorities cited so fully sustain the propositions above stated, that they cannot be regarded as open to controversy in a tribunal which respects the precedents in the law. It is a sequence from those propositions, that the justification of the defendants is dependent upon the question of jurisdiction.

[2.] In *Ex parte* Burnett, 30 Ala. 461, we decided, that under the 8th section of the charter of the town of Cahaba, the town council had the power to imprison, for a term not exceeding three days, any person who had *incurred a penalty* for a breach of the by-laws of the corporation; but that the incurring of the penalty for a violation of the by-law must be ascertained in an appropriate judicial proceeding, before imprisonment could be superadded by the town council. The jurisdiction of the council, its authority to inflict the imprisonment, is by that decision made to depend upon the antecedent judicial ascertainment of the fact, that a penalty imposed by the by-law had been incurred. Conceding, for the sake of brevity, without passing upon it, the fact that the plaintiff had

violated a valid by-law, and thus rendered himself liable to the imposition of a prescribed fine, we proceed to inquire whether there was a valid judicial proceeding adjudging the fine against him.

The clerk of the *town council* issued a precept, requiring the *town marshal* to arrest the plaintiff, and bring him before the *town council*, to answer a complaint against him for retailing spirituous liquors in the town of Cahaba without a license. The entry on the minute-book of the proceedings of the council, upon the appearance of the plaintiff, is in the following words :

"Town Council of Cahaba  
*vs.*  
James T. Burnett.  
} Defendant is charged with retailing spiritous liquors in the town of Cahaba, without a license from the town council, on Monday, the 4th day of February, 1856. J. T. Burnett admitted the charge as alleged, whereupon he is declared guilty *by the council* of a violation of the ordinance forbidding the same, and fined fifty dollars and costs. The marshal is ordered to take said defendant into custody, until the same are paid ; and if said fine and costs are not paid forthwith, the marshal is ordered to confine said J. T. Burnett in the county jail for three days."

The plaintiff was summoned to answer by the *council*, through its clerk ; he was brought up for trial before the *council*, and, upon his confession, his guilt in the particular alleged was ascertained, and a fine of fifty dollars adjudged *by the council*, and three days imprisonment was directed as the penalty for the non-payment of the fine and costs.

If there was any adjudication of the fine, preliminary to the imprisonment, it was made by the *council*, when its members were acting aggregately as a *council*. The charter of the corporation bestows no authority upon the council to render such a judgment. The 5th section of the charter bestows upon the council the power to " *affix fines*" for offenses against the by-laws, to be recovered *before any magistrate*. A magistrate is thus designated as

the officer clothed with jurisdiction over the matter of the fines affixed by the council.

Section six of the charter provides, "that the intendant, and each and every one of the council, *ex officio*, shall be vested with all the powers and authorities that justices of the peace are vested with by the laws of this State, and shall and may exercise the same within the limits of said town, under the same penalties and restrictions to which justices of the peace of this State are and shall be subject and liable." The second section of the amendment to the charter restricts the authority conferred by the 5th section of the original charter upon the intendant and each and every one of the council, to the enforcing the by-laws and ordinances of the corporation. By virtue of, these sections of the original charter and the amendment of it, each individual composing the council is constituted, *virtute officii*, a magistrate, before whom a recovery of fines for violations of the by-laws might be had; but the language will not permit the conclusion, that the same power is bestowed upon the council.

It is said in Dalton's Justice, 24, " that whatsoever one justice of the peace alone may do, (either for the keeping of the peace, or in other execution of the commission or statutes,) the same also may lawfully be done and performed by any two or more justices."—See, also, 3 Burns' Justice, 133. Upon the same principle, it may be that all the members composing the council might unite in the performance of the judicial acts, falling within the scope of the jurisdiction bestowed upon each one of them. In that case, the act done would be the judgment of the several individuals composing the council, acting in their capacity of magistrates. The judgment adjudging the fine against the plaintiff is not the act of the magistrates who are the intendant and councilmen; but it is the act of a tribunal created by the charter, designated as the council, and clothed with certain legislative and judicial powers, distinct from the powers conferred upon the members separately.

To constitute a court, the mere presence of the magistrate is not sufficient. The judicial officer must be act-

ing in his judicial capacity, in order that his acts may have a judicial character.—2 Bacon's Abr. 616; 3 Bouv. Inst.; Day v. Day, 4 Md. 262; Willis v. Willis, 13 Johns. 268. A magistrate, or any number of magistrates, can perform none of the functions appertaining to them as magistrates, except when acting in that capacity. Although it might happen that every member of a court-martial might be composed of justices of the peace; yet any judgment of that court, upon matters within the civil or criminal jurisdiction of justices of the peace, would be void. So here, the judgment for the amount of the fine was the act of the council as a council; and, although the council was composed of persons having authority to act as magistrates, the judgment was not the act of them, or any of them, in the capacity of magistrates. The judgment was the act of the artificial *person* created by the statute, and not of the several magistrates who were the individuals who, when united in one legislative and judicial body denominated the council, composed the artificial person. The judgment for the fine was rendered by a tribunal without authority, and was void.

If it appeared that the fact, upon which the jurisdiction of the council over the matter of the imprisonment depended, was judicially considered, and adjudged by the council, then the defendants would not be liable for their mere error of judgment. Every judicial tribunal, invested with authority to be exercised in a certain contingency, has authority to inquire and ascertain whether the congency has occurred. Where jurisdiction depends upon the existence of a preliminary fact, there is authority to decide whether that fact exists. A court is entitled to as full protection against an error of judgment in reference to the existence of the jurisdictional fact, as in reference to the merits of the suit.—Freeman v. Cornwall, 10 Johns. 470; Fox v. Wood, 1 Rawle, 143; Harrington v. Comm'rs, &c., 2 McCord, 400; 4 Phillips on Ev. 209, 210; Wyatt's Adm'r v. Rambo, 29 Ala. 510.

But this principle cannot avail the defendants in this case. They did not decide upon the existence of the jurisdictional fact. They decided that the plaintiff had

Craig v. Burnett.

incurred a penalty, but not that a judgment for that penalty had been rendered by a competent court. They manifestly acted upon the apprehension that they had authority to adjudge the fine and inflict the imprisonment, unqualified by the requisition of the jurisdictional fact, which was held to be necessary in *Ex parte Burnett.*

We adhere to the opinion expressed in *Ex parte* Burnett, that the ordinance prescribing a thousand dollars as the price of a license to retail was invalid. But in this case we infer from the bill of exceptions, that there was a pre-existing ordinance, fixing the price of license at $100. It is not necessary for us to decide in this case, whether the plaintiff was liable to a fine, because he neither obtained nor applied for license under the old ordinance; because, if he was so liable, the council nevertheless proceeded without authority, there being no valid judgment for the fine, and are liable for the damage sustained by the plaintiff.

The result of our opinion is, as we conceive, that the defendants cannot successfully defend the suit. The counsel, in their brief, request that we will not reverse upon any point not reaching the merits; and thus, as we understand, waive their assignments of error, upon the condition that the merits of the case are decided against them. We, therefore, forbear to pass upon any of the other questions raised.

The judgment of the court below is affirmed.