## JAS. H. JOHNSON *vs.* JOSEPH HARVEY AND EDWIN FORD, trading as HARVEY & FORD.

### *Prayers and Instructions.*

A party has the right to segregate any portion of the evidence, and to ask the Court for an instruction as to its legal force and effect, as bearing upon any material question in issue.

In an action for work, labor and materials, the evidence showed that the materials used in the manufacture of the articles in question, were furnished in part by the plaintiffs, and in part by the defendant. At the trial the defendant asked the Court to instruct the jury, that the mere retention of the manufactured articles by him was no evidence of acceptance; if the jury should find that in the process of manufacture the materials of the defendant were blended with the work, labor and materials of the plaintiffs, HELD:

1st. That the prayer was erroneous, in omitting to submit to the jury the question, whether the materials of the defendant were so blended with those of the plaintiffs that they could not be separated.

2d. There being evidence tending to show that by the course of dealing between the parties, the imperfect articles were to be returned; the defendant could not claim that under the circumstances their retention was not, when taken in connexion with the other facts, some evidence of their acceptance.

APPEAL from the Superior Court of Baltimore City.

This was an action for work, labor and materials, brought by the appellees against the appellant. The appellees were turners and manufacturers of wood in Philadelphia; the appellant being the assignee of a patent-right for a tobacco pipe of peculiar construction, contracted with the appellees, in May, 1865, to manufacture for him pipes according to a sample or specimen furnished—the appellees were to do the wood work, and the appellant was to furnish the brass and other trimmings. The appellees made samples which were returned with directions for alterations, and the manufacture went on and a large number of pipes were forwarded—such as were

imperfect were returned and credit was given for them. The evidence as to the quality of the workmanship was conflicting. The defendant offered three prayers, which will be found sufficiently stated in the opinion of the Court. The Court below (MARTIN, J.,) granted the first and third prayers, and rejected the second. The defendant excepted to the rejection of his prayer, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., NELSON MILLER, ALVEY and ROBINSON, J.

· *P. M'Laughlin* and *George H. Williams*, for the appellant.

*Thomas J. Morris* and *Edward Otis Hinkley*, for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

The appellant, who was defendant below, claims a reversal of the judgment because of the alleged error of the Superior Court in refusing his second prayer.

By his first and third prayers, which were granted, the jury were instructed that the plaintiffs were not entitled to recover for the articles manufactured by them, if the same were not made in a good and workmanlike manner, according to the contract, samples and directions, unless they were accepted by the defendant, and in that event they were not entitled to recover the contract price, but only so much as the articles were reasonably worth.

The proof was that the materials used in the manufacture were furnished in part by the plaintiffs, and in part by the defendant; and the object of the second prayer was to obtain an instruction to the jury to the effect that the mere retention of the manufactured articles by the defendant was no evidence of acceptance; if the jury should find that in the process of manufacture the materials of the defendant were blended with the work, labor and materials of the plaintiffs.

There is no doubt of the right of a party to segregate any portion of the evidence, and to ask the Court for an instruction as to its legal force and effect as bearing upon any material question in issue. *Whiteford vs. Burckmyer, &c.,* 1 *Gill,* 143; see also 6 *G. & J.,* 157, 169; 4 *Md.,* 262, 269; 6 *Md.,* 11, 19.

Such was the object of the second prayer, and if it were free from objection in other respects, its refusal could not be justified merely because it was limited in its scope, and specifically directed to a single item of evidence.

We think, however, looking at the facts of the case as disclosed by the evidence, it was properly refused for several reasons.

1st. It was erroneous in omitting to submit to the jury the question whether the materials of the defendant were so blended with those of the plaintiffs that they could not be separated. It appears from the correspondence between the parties offered in evidence, that such separation was practicable, and in some instances when the articles proved unsatisfactory, the parts furnished by the defendant were separated and the other parts returned. This appears from the letters of the defendant's agent, dated June 21st, and August 19th, 1865.

But whether this was so or not was a question of fact, and the second prayer was defective in not submitting it to the jury.

2d. There was evidence tending to show that by the course of dealing between the parties, the imperfect articles were to be returned. This may be inferred from the letters of June 21st and August 19th, before referred to, as well as from the testimony of the witnesses Harvey, Young, Ferguson and Merrifield. The testimony of Harvey was that the defendant "promised to take out the imperfect articles and return them and settle for the balance."

In the face of such evidence, the defendant could not escape from the legal consequences of failing to return the goods, or

claim that under the circumstances the retention of them was not, when taken in connexion with the other facts, some evidence of their acceptance.

In examining the whole case, we are of opinion the law was correctly given to the jury, in granting the first and third prayers of the defendant, and that the rejection of his second prayer presents no cause for reversal.

*Judgment affirmed.*

(Decided 9th March, 1869.)