## Mellon *v.* Sawyer, Appellant.

*Judgment—Revival of judgment—Record—Justice of the peace—Jurisdiction.*

On a scire facias to revive a judgment of a justice of the peace, where it appears from the record that the defendant did not appear at the hearing when the original judgment was entered against him, and the record of the justice of the peace is sufficient to support his jurisdiction, the defendant will not be permitted to prove matters dehors the record which would oust the jurisdiction of the justice.

The plaintiff in the scire facias must produce the record of the judgment on which his action rests. If, upon an inspection of that record, it appears, from the nature of the proceeding or otherwise, that the court or magistrate entering the judgment was without jurisdiction, the action must fail. If, however, it becomes necessary for the defendant, in order to make the lack of jurisdiction apparent, to supplement the record by the proof of any facts, he, in turn, must fail, because such facts could have been shown in

the original proceeding, and having failed to show them at the proper time, no principle of justice requires that he be permitted to show them afterwards.

Argued April 10, 1906.  Appeal, No. 114, April T., 1906, by defendant, from order of C. P. No. 2, Allegheny Co., July T., 1905, No. 994, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Andrew Mellon v. Harry C. Sawyer.  Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ.  Affirmed.

Appeal from judgment of a justice of the peace.
The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment of the Superior Court.

*Thomas Watson*, with him *George R. Wallace*, for appellant.—The court below, having before it the transcript of the record in this case, erred in allowing the plaintiff the benefit of an inference, from facts nowhere apparent upon the record, that the right of action might perhaps have arisen from some collateral agreement, when the record itself clearly shows the cause of action to have arisen from a real contract: Murdy v. McCutcheon, 95 Pa. 435; Turner v. Central R. R. of N. J., 10 Kulp, 420; Camp v. Wood, 10 Watts, 118.

Want of jurisdiction, when apparent upon the record itself, may be taken advantage of at any time, for the proceedings are then coram non judice, and therefore void: Moore v. Wait, 1 Binney, 219; Collins v. Collins, 37 Pa. 387; Hill v. Tionesta Twp., 129 Pa. 525.

*E. C. Chalfant*, with him *T. P. Trimble*, for appellee.—This case is ruled by Huffsmith v. Levering, 3 Wharton, 110.

OPINION BY HEAD, J., October 5, 1906 :

In 1890, Andrew W. Mellon brought an action against Harry C. Sawyer, the appellant, before an alderman in the city of Pittsburg.  The summons was regularly served on the defendant, who declined to appear, and, in due course, a judgment was

418    MELLON *v.* SAWYER, Appellant.

Opinion of the Court.    [31 Pa. Superior. Ct.

rendered against him. No appeal was ever taken by the defendant, nor was any proceeding instituted to have the said judgment reversed or set aside—in a word, its validity was never directly questioned.

In 1905, an action, in the nature of a scire facias, was begun by the plaintiff, before another magistrate, to revive the said judgment. The defendant was duly warned, appeared and made defense, but judgment was entered against him. He then took an appeal to the court of common pleas. After the statement of claim and affidavit of defense were filed, the court made absolute a rule for judgment for want of a sufficient affidavit of defense, and entered judgment for the plaintiff, whereupon this appeal was taken.

The main question raised by the affidavit, and the one chiefly relied on by the learned counsel for the appellant, in the able and careful argument presented to this court, may be thus stated, viz.: The record of the magistrate, in the action wherein the original judgment was entered, shows that he had no jurisdiction to hear the case. The whole proceeding was, therefore, coram non judice, the judgment was absolutely void, and the action of scire facias must necessarily fail for want of the only foundation on which such an action can stand.

It may be conceded, as a general rule, that in case of a scire facias to revive a judgment, no defense can be made except matters arising subsequent to the judgment. The merits of the original judgment cannot be inquired into, so as to admit a defense which might have been set up in the original suit: Seymour v. Hubert, 92 Pa. 499, and cases there cited.

It is a principle of equally universal application, under our system of jurisprudence, that every tribunal, from the lowest to the highest, which undertakes to render a judgment, must have jurisdiction of the parties and the subject-matter. Without such jurisdiction its decree is but an empty name. Having no life itself it can have no progeny, and any proceeding, claiming to have issued from it, can have no more life than its dead ancestor.

As the trajectory of a bullet, being the result of the joint operation of two antagonistic forces, is different from the path it would pursue if operated on alone by either, so it ought to be apparent that the true course of a legal proceeding, which

must be affected by the application to it of both the principles above referred to, will be different from what it would have been if subjected to the unqualified application of but one of them.

On the one hand, it is impossible that an action of scire facias can result in a valid judgment if it appear to be founded on one absolutely void for want of jurisdiction. On the other, it is equally impossible that a party may successfully defend, against any one or all of an indefinite number of such actions, by setting up what he could and should have pleaded in bar of the first or original judgment.

The true course to be followed in a proceeding like the present we find marked out for us in the following language of GIBSON, C. J., in Huffsmith v. Levering, 3 Whart. 110: " Consent, it is said, gives not jurisdiction ; and advantage can be had of the want of it at any time. I take that to be true when want of jurisdiction is evident from the nature of the proceeding or apparent on the record. . . . The defendant did not appeal, so that debate about the nature of the consideration is consequently concluded ; and as want of jurisdiction is not apparent on the record, it may not be shown on the trial of a scire facias, which is a collateral proceeding."

The plaintiff in the scire facias must produce the record of the judgment on which his action rests. If, upon an inspection of that record, it appear, from the nature of the proceeding or otherwise, that the court or magistrate entering the judgment was without jurisdiction, the action must fail. If, however, it becomes necessary for the defendant, in order to make the lack of jurisdiction apparent, to supplement the record by the proof of any facts, he, in turn, must fail, because such facts could have been shown in the original proceeding, and, having failed to show them at the proper time, "no principle of justice requires that he be permitted to show it afterwards." Let us turn, then, to the record of the judgment in the present case and see when, where and how the alleged want of jurisdiction is made to appear. Eliminating, for the present, and leaving for future consideration, that portion of the record not essential to the plaintiff, we have the following :

" Summons in assumpsit not exceeding $300, issued, etc. And now, December 5, 1890, at 11 A. M., plaintiff, by T. Gettys,

appears, and the defendant does not appear. For plaintiff, T. Gettys, sworn, claims the sum of $158.25, principal, and $18.30, interest, due to plaintiff by the defendant. . . . Copy of account produced and proven. And now, after hearing, etc., judgment publicly in favor of plaintiff and against the defendant, for $176.61, with costs of suit."

If this were the whole of the record, we do not think·it could be seriously contended that the "want of jurisdiction is evident from the nature of the proceeding, or apparent on the record." On the contrary, the record shows that the subject-matter of the action was money due and owing by defendant to plaintiff; that the amount claimed was less than $300; that a book account was produced and proven, and witness sworn in support of the claim—in a word, it affords no ground for a defense, like the one here set up, to a scire facias on the judgment there entered. But the record, after stating the sum claimed to be due, goes on : "being the amount paid by plaintiff to S. P. Connor, register, etc., for collateral inheritance tax on the estate of Mary Brooks, as per appraisement, etc. ; against that portion of the estate which Harry B. Sawyer conveyed by deed of general warrant dated, etc., recorded, etc. ; said tax being a lien against said real estate." From this statement, supplemented by the assumption of several all-important facts which do not appear, the learned counsel for the appellant builds his argument that the record shows this case to be in the class of cases described in the act of 1810 as "cases of real contract, where the title to lands or tenements may come in question," over which jurisdiction is denied to the magistrate. He first assumes that Harry B. Sawyer, named in the record, is identical in person with Harry C. Sawyer, the defendant and appellant. By what warrant? The record leaves the former an entire stranger to the proceeding. Next, it is assumed that the land which Harry B. Sawyer conveyed to somebody, was conveyed to Mellon, the plaintiff. Again the record is silent, and the fact cannot be read into it. Finally, it is assumed, as a mixed question of law and fact, that the payment, by Mellon to the register, was a compulsory one to relieve his own land from the stress of a tax lien ; that the condition, making such payment necessary, amounted to a breach of the covenant of warranty in the deed from Harry B.

Sawyer to somebody referred to in the record, and therefore the action was, in reality and substance, an action for such breach.   All these matters of fact, thus assumed, may be true, but they do not appear in the record.   They must be established by proof aliunde the record.   The appellant had his day in court to enable him to prove them.   Having declined to avail himself of that opportunity he cannot be permitted to set them up, for the first time, in an affidavit of defense to a scire facias on the judgment which he allowed to be entered without any contest.   Had he proven, or offered to prove, these facts before the magistrate, he would have been in a position to correct any error in the judgment of the latter by an appeal. To hold otherwise would be to overthrow the rule so plainly laid down in Huffsmith v. Levering, 3 Whart. 110, which case, in principle, we think cannot be distinguished from the present one.   We hold, therefore, that it does not appear, from the face of the record, that the magistrate was without jurisdiction to enter the judgment on which the present action is founded. Even conceding the other proposition contended for by the appellant, viz., that the court of a magistrate being one of inferior jurisdiction, his record must show affirmatively all that is necessary to support his jurisdiction, we cannot discover any defect in the present record fatal to the judgment.   We have already endeavored to show it contains enough to have fairly brought the action, in the absence of any proof by defendant, within the limits of a magistrate's jurisdiction.   The other matters in the record, apparently put there to identify the payment made, neither give nor take away jurisdiction.   They may be wholly eliminated, as far as the plaintiff is concerned, and they are insufficient, without the aid of still other matters in pais, to support the argument sought to be constructed thereon by the appellant.   The learned court below was, therefore, right in holding that the affidavit of defense was insufficient to prevent a judgment and in making the rule absolute.

Judgment affirmed.